FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

**IN THE UNITED STATES DISTRICT COURT**

2006 JAN 31  AM 8: 19

**FOR THE SOUTHERN DISTRICT OF GEORGIA**

**AUGUSTA DIVISION**

CLERK _L. Ilrder_
SO. DIST. OF GA.

| | |
|---|---|
| LYNN GEORGE MAUK, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   CV 102-042 |
| | ) |
| JAMES LANIER, Warden, | ) |
| | ) |
| Respondent. | ) |

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Petitioner, a prisoner pursuant to a state conviction in Richmond County, Georgia,

filed a petition for writ of habeas corpus under Title 28, United States Code, Section 2254.

Respondent has filed a response to the petition. For the reasons that follow, the Court

**REPORTS** and **RECOMMENDS** that the petition be **DISMISSED**, that this civil action

be **CLOSED**, and that a final judgment be **ENTERED** in favor of respondent.

**I. BACKGROUND**

On March 14, 1997, a grand jury sitting in Richmond County returned an indictment

charging petitioner with kidnapping, rape, and two counts of aggravated sodomy. Doc. 6,

Ex. 2H ("R") pp. 21-24. Following a jury trial, on April 23, 1998, a jury found petitioner

guilty of false imprisonment as a lesser included offense on the kidnapping count and simple

sodomy as a lesser included offense on the first aggravated sodomy count. R. 89. The jury

acquitted petitioner of the rape charge, and the trial court granted petitioner's unopposed

motion for a directed verdict on the second aggravated sodomy count. Doc. 6, Ex. 2I, R. 145-48. The trial court sentenced petitioner to ten (10) years imprisonment on the false imprisonment conviction and fifteen (15) years imprisonment on the simple sodomy conviction, with the sentences to run concurrently. R. 89.

Petitioner filed a motion for new trial on May 29, 1998. R. 92. Prior to the trial court's March 19, 1999, hearing on the motion, the Georgia Supreme Court issued its opinion in Powell v. Georgia, 510 S.E.2d 18 (Ga. 1998). In Powell, the court found that Georgia's sodomy statute, Official Code of Georgia Annotated, Section 16-6-2, "in so far as it criminalizes the performance of private, unforced, non-commercial acts of sexual intimacy between persons able to consent," violates the right to privacy guaranteed by the Georgia Constitution. Id. at 26. As grounds for a new trial, petitioner argued that Powell rendered his conviction unconstitutional. The trial court, however, rejected petitioner's argument and denied the motion for new trial on March 19, 1999. R. 95.

Petitioner then appealed his sodomy conviction to the Georgia Court of Appeals. There, he again argued that his conviction should be vacated in light of Powell. Doc. 6, Ex. 2F. The Georgia Court of Appeals on February 2, 2000, affirmed petitioner's sodomy conviction, distinguishing Powell on the grounds that in petitioner's case "the evidence authorized the jury to find that the act of sodomy took place in a public place." Mauk v. Georgia, 529 S.E.2d 197, 199 (Ga. App. 2000).

Petitioner filed a petition for writ of certiorari in the Georgia Supreme Court on February 18, 2000. Doc. 6, Ex. 3, App. viii. In that petition, petitioner again asserted that his sodomy conviction should be vacated after Powell. He also argued that the Court of

Appeals decision, which posited that his behavior occurred in a public place as grounds for distinguishing <u>Powell</u>, deprived him of his Sixth Amendment right to a jury trial and his Fourteenth Amendment procedural due process rights because the issue was not submitted to the trial jury. <u>Id.</u> at App. xix. The Georgia Supreme Court denied the petition on July 7, 2000, and denied his motion for reconsideration on July 28, 2000. <u>Id.</u> at App. xxiv-xxv. Petitioner then filed a petition for writ of certiorari in the United States Supreme Court, which was denied on March 19, 2001. <u>Mauk v. Georgia</u>, 532 U.S. 924 (2001).

Petitioner submitted the instant petition on March 14, 2002. He asserts that his Sixth Amendment and procedural due process rights were violated because a jury did not find that his conduct took place in public. In response to the petition, respondent filed a motion to dismiss arguing that petitioner had failed to exhaust his claims in state court. The district judge denied respondent's motion on January 31, 2003, finding that the Sixth and Fourteenth Amendment issues were unavailable to petitioner when he appealed his state conviction.

The Court then administratively closed the case on April 4, 2003, pending the Supreme Court's decision in <u>Lawrence v. Texas</u>, 539 U.S. 558 (2003). There, the Court addressed whether a Texas sodomy statute violated the substantive due process rights of homosexual couples. On June 26, 2003, the Court found the Texas statute to be unconstitutional. <u>Id.</u> at 578-79. The district judge reopened the instant case on September 28, 2004, and set a schedule for supplemental briefing from counsel for each party.

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), signed into

3

law on April 24, 1996, amended Section 2254(d) to provide:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court addressed Section 2254(d) in Williams v. Taylor,

529 U.S. 362, 404 (2000). The Court explained:

> Section 2254(d)(1) defines two categories of cases in which a state prisoner may obtain federal habeas relief with respect to a claim adjudicated on the merits in state court. Under the statute, a federal court may grant a writ of habeas corpus if the relevant state-court decision was either (1) "*contrary to* . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "*involved an unreasonable application of* . . . clearly established Federal law, as determined by the Supreme Court of the United States."

Id. at 404-05 (emphasis added).

The Eleventh Circuit has explained the difference between the "contrary to" and

"unreasonable application" clauses in § 2254(d)(1) as follows:

> A state court decision is "contrary to" clearly established federal law if either (1) the state court applied a rule that contradicts the governing law set forth by Supreme Court case law, or (2) when faced with materially indistinguishable facts, the state court arrived at a result different from that reached in a Supreme Court case.
>
> A state court conducts an "unreasonable application" of clearly established federal law if it identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case. An unreasonable application may also occur if a state court unreasonably extends, or unreasonably declines to extend, a legal principle

4

from Supreme Court case law to a new context.  Notably, an "unreasonable application" is an "objectively unreasonable" application.

Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001) (internal citations omitted).  Thus, a habeas petition may be granted if "the state court's decision was contrary to, or involved an objectively unreasonable application of, the governing Federal law set forth by Supreme Court cases."  McIntyre v. Williams, 216 F.3d 1254, 1257 (11th Cir. 2000).

Section 2254(e)(1) sets a highly deferential standard of review for state court factual determinations.  "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  Fugate v. Head, 261 F.3d 1206, 1215 (11th Cir. 2001) (citations omitted); see also Crawford v. Head, 311 F.3d 1288, 1317 (11th Cir. 2002) (affirming state court factual determination "because there is support for it in the record and [the petitioner] has not rebutted the finding by clear and convincing evidence").  Moreover, "some evidence suggesting the possibility" that a petitioner's version of the pertinent facts is correct is not sufficient to carry the burden of showing that a state court made an unreasonable determination of fact as contemplated by Section 2254(d)(2).  Bottoson v. Moore, 234 F.3d 526, 540 (11th Cir. 2000).

## III. DISCUSSION

### A. Procedural Due Process

In his Section 2254 petition, petitioner asserts that "[a]fter the Georgia Supreme Court's decision in Powell, the public nature of the conduct became an essential element of

the offense of sodomy, and a question for the jury." According to petitioner, the Court of Appeals decision, wherein the court found that his conduct occurred in public and thus distinguished Powell, deprived him of the right to have an "essential element" of his offense submitted to the jury. Doc. 1 at 4. He argues that such a deprivation amounts to a violation of his Sixth Amendment right to a jury trial and his Fourteenth Amendment procedural due process rights. Id.

The Court notes at the outset that Powell involved an application of privacy rights found in the Georgia, not the federal, constitution. Georgia courts have held that the Georgia constitution's protection of privacy "is far more extensive that the right of privacy protected by the U.S. Constitution, which protects only those matters 'deeply rooted in this Nation's history and tradition' or which are 'implicit in the concept of ordered liberty.'" Powell, 510 S.E.2d at 22 (quoting Bowers v. Hardwick, 478 U.S. 186, 191-92 (1986)). The Powell court concluded that Georgia's sodomy statute, "insofar as it criminalizes the performance of private, unforced, non-commercial acts of sexual intimacy between persons legally able to consent, 'manifestly infringes upon a constitutional provision' which guarantees the citizens of Georgia the right to privacy." Id. at 26 (citations omitted).

To the extent that petitioner now relies on Powell for the proposition that the statute under which he was convicted has been deemed unconstitutional by Georgia courts on Georgia constitutional grounds, his federal habeas claim must fail because it asserts no contradiction or unreasonable application of federal law. Similarly, petitioner's assertion that Powell created a new "essential element" to his offense conduct, that his behavior occur in public, falls beyond the appropriate purview of a federal court. At the time petitioner was

6

convicted, the public nature of his behavior was not an element of Official Code of Georgia Annotated, Section 16-6-2.[1]  Petitioner cites no new state legislation and no decision from a state court to support the notion that the State must allege that an act of sodomy occurred in public in order to obtain a conviction under Section 16-6-2.  Nor does petitioner cite any precedent suggesting the retroactivity of such a change to the sodomy law.

This Court is not disposed to rewriting the Georgia criminal code or reinterpreting Georgia constitutional jurisprudence.  As such, petitioner's assertion that Powell added an "essential element" to Section 16-6-2 lacks substantial support in the form of an explicit holding by a Georgia court or an act of the Georgia legislature.  The fact that Powell appears to *inferentially* require something more than private, unforced, uncoerced sexual acts to support a Section 16-6-2 conviction is not enough.

The Court of Appeals examined the facts submitted to the jury in petitioner's case and determined that the location of petitioner's behavior, a parking lot, distinguished it from the behavior in Powell, which occurred inside a home.  Mauk v. State, 529 S.E.2d 197, 199 (2000).  Inasmuch as no legislature or court had deemed it an element of Section 16-6-2 that the relevant behavior occur in a public place, the court's consideration of the facts of petitioner's case amounted to a permissible comparison to those of Powell to determine whether Powell was applicable,[2] not a deprivation of petitioner's right to a jury trial or of

---

[1]Section 16-6-2 provides, in pertinent part, that "[a] person commits the offense of sodomy when he or she performs or submits to any sexual act involving the sex organs of one person and the mouth or anus of another."  O.C.G.A. § 16-6-2.

[2]Georgia courts determined that Powell rendered Section 16-6-2 unconstitutional as applied under the facts of that case, not unconstitutional on its face.  Howard v. Georgia, 527 S.E.2d 194, 196 (Ga. 2000).  Thus, a factual analysis is necessary in order to determine

procedural due process.  Petitioner had no procedural right to have the public place issue presented to a jury either at the time of his trial or at the time of the Court of Appeals's decision.

Petitioner cites the Supreme Court's decision in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), in support of his argument that the Court of Appeals's decision deprived him of the opportunity to have an essential element of his offense conduct submitted to the jury.  In <u>Apprendi</u>, the Court found that any sentencing factor, other than the fact of a prior conviction, that would increase a defendant's sentence beyond the statutory maximum must be submitted to a jury and proven beyond a reasonable doubt.  <u>Id.</u> at 490.  According to petitioner, he relies on <u>Apprendi</u> not to argue that his sentence was enhanced by a sentencing factor not submitted to a jury, but to support the general principle that Sixth Amendment jurisprudence requires elements of an offense to be submitted to a jury and found beyond a reasonable doubt.[3]

Petitioner is correct in his restatement of the fundamental constitutional right to a trial by jury, and he is correct in asserting that the right antedated his conviction.  The deficiency in his argument is the lack of justification for applying <u>Powell</u> retroactively, even if <u>Powell</u> did create a new element in Section 16-6-2.  No Georgia court has ruled that <u>Powell</u> should be applied retroactively.  Inasmuch as <u>Powell</u> was not issued by a federal court or based on

whether <u>Powell</u> is applicable.

[3]Of course, petitioner's reliance on the new rule announced in <u>Apprendi</u> in a post-conviction proceeding would fail because the Supreme Court has not made <u>Apprendi</u> or its progeny retroactively applicable to cases on collateral review.  <u>McCoy v. United States</u>, 266 F.3d 1245, 1258 (11th Cir. 2001); <u>United States v. Sanders</u>, 247 F.3d 139, 147 (4th Cir. 2001).

8

application of federal law, this Court lacks authority under Section 2254 to decide whether it should be applied retroactively. A federal court may grant Section 2254 relief only where a state court's decision is contrary to, or an unreasonable application of, clearly established federal law. <u>Williams</u>, 529 U.S. at 404. While Sixth Amendment and procedural due process arguments do implicate federal law, the retroactivity issue regarding <u>Powell</u> is not rooted in federal law, and petitioner must establish that <u>Powell</u> is retroactive in order for Sixth Amendment and procedural due process concerns to arise. This he has not done.

Petitioner's claims rooted in the right to trial by jury and procedural due process fail because he cites no authority for the proposition that, at the time of his conviction, Section 16-6-2 required, as an element of offense, that the relevant conduct occur in a public place. Nor does petitioner offer support for the proposition that any subsequent change in Georgia law added a new element to Section 16-6-2 that should be applied retroactively to cases on collateral review. For these reasons, his Sixth Amendment and procedural due process claims should be dismissed.

### B. Substantive Due Process

On June 26, 2003, the Supreme Court issued its decision in <u>Lawrence v. Texas</u>, 539 U.S. 558 (2003). The Texas statute at issue in <u>Lawrence</u> made it a crime for two persons of the same sex to engage in sexual conduct. The Court held that the statute deprived defendants of substantive due process rights guaranteed under the Fourteenth Amendment. While <u>Lawrence</u> involved a statute directed exclusively at homosexual conduct, the Court declined to address the statute under the Equal Protection Clause because "some might question whether a prohibition would be valid if drawn differently, say, to prohibit the

9

conduct both between same-sex and different-sex participants." Id. at 574. Thus, the Court

expressed its intention, albeit in dicta, that its holding extend to sodomy statutes, such as

Georgia's Section 16-6-2, that are not directed exclusively at homosexual conduct. See Doe

v. Pryor, 344 F.3d 1282, 1288 n.2 (11th Cir. 2003) (stating, in dicta, that "[t]he Supreme

Court made plain in Lawrence that its holding applies to statutory provisions prohibiting both

heterosexual and homosexual consensual sodomy").[4]

Like the Powell court, however, the Court in Lawrence did not find the Texas statute

facially unconstitutional. Instead, it found the statute unconstitutional as applied to private,

consensual homosexual conduct between adults. Id. at 578. The instant case can therefore

be distinguished from Lawrence on the basis of the public nature of petitioner's behavior.

Just as the Lawrence Court implicitly acknowledges that the Texas statute is not

unconstitutional as applied to homosexual conduct in a public place, id., the Georgia Court

of Appeals found the Georgia statute not to be unconstitutional as applied to heterosexual

conduct in a public place. Thus, even after Lawrence, petitioner would not be entitled to

relief under the facts supporting his underlying conviction.

Petitioner's substantive due process claims, however, should fail for a more

fundamental reason: he has not properly raised them. Petitioner made no claim of

substantive due process violations until his post-Lawrence brief filed with the Court on

---

[4]The Eleventh Circuit has limited its application of Lawrence, finding that the decision did not identify a fundamental right to private sexual intimacy. Lofton v. Secretary of the Dep't of Children and Family Servs., 358 F.3d 804, 814 (11th Cir. 2004).

November 12, 2004, two and a half years after he first filed his Section 2254 petition.[5] Without moving to amend his petition, petitioner attempts to bootstrap <u>Lawrence</u> substantive due process claims onto the procedural due process arguments he has raised previously.[6] Even if <u>Lawrence</u> could be read to de-criminalize petitioner's behavior,[7] petitioner has failed to raise substantive due process issues in a proper manner before this Court or to give state courts the opportunity to address substantive due process.[8]

The AEDPA, which amended the statute governing habeas petitions for state prisoners seeking relief in the federal courts, preserves the traditional exhaustion requirement, which requires a district court to dismiss habeas claims that the petitioner has a right to raise, by any available procedure, in state court.  28 U.S.C. § 2254(b)(1)(A) & (c).

_____

[5]Petitioner's counsel recognized the differences between the issue in <u>Lawrence</u> and the procedural due process claims raised by petitioner in a letter to the Court dated March 21, 2003.  Doc. 15 ("Mr. Mauk's case, while involving a sodomy conviction, raises a different claim.  He complains that he was denied his Sixth and Fourteenth Amendment rights to due process and to a trial by a jury of his peers on all of the material facts of an offense.").

[6]The Court notes that petitioner is represented by counsel.

[7]If a petitioner were to be convicted under facts analogous to those of <u>Lawrence</u>, the rule in <u>Lawrence</u> likely would fall under the first exception to the general rule against retroactivity recognized in <u>Teague v. Lane</u>, 489 U.S. 288 (1989), inasmuch as it places "certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe." <u>Id.</u> at 311 (citations omitted).  The Georgia Court of Appeals found the facts of this case not to be analogous to those of <u>Powell</u>, and this Court likewise finds the same facts not to be analogous to <u>Lawrence</u> for the reasons stated *supra*.  Petitioner also has not properly raised or exhausted his substantive due process claims.  Accordingly, the Court need not make a finding on retroactivity under <u>Teague</u>.

[8]The district judge's prior ruling dated January 31, 2003, that denied respondent's motion to dismiss on exhaustion grounds addressed petitioner's procedural due process claims.  He had not raised any claims regarding substantive due process at that time.  Thus, the Court has not previously addressed exhaustion on these grounds.

"An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). In reference to this requirement, the Supreme Court has held that a state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts a fair opportunity to address the inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). As the Supreme Court explained:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

Id. at 845. This "one full opportunity" includes pursuing discretionary review with the highest available appellate court. Id.

While the Court recognizes that "a federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred," Harris v. Reed, 489 U.S. 255, 263 n.9 (1989), a state court could excuse petitioner's procedural default on a Lawrence claim because of the unavailability of Lawrence at the time of petitioner's direct appeal. As to timeliness, Official Code of Georgia Annotated, Section 9-14-42, provides that the statute of limitations for state habeas claims may run for four years from the date a right is newly recognized by the United States

12

Supreme Court or the Georgia Supreme Court and made retroactively applicable to cases on collateral review. O.C.G.A. § 9-14-42 (c)(3). Thus, the Court does not find it clear that petitioner's substantive due process claim based on <u>Lawrence</u> would be procedurally barred in a state habeas proceeding or that it would be untimely, and the Court accordingly finds the claim not to be exhausted.

To be clear, the Court rests its finding that petitioner cannot obtain relief on his substantive due process claims on procedural and exhaustion grounds. The issue has not been properly submitted to the Court, and petitioner has failed to exhaust the issue in state court. The substantive due process issue accordingly should be dismissed *without prejudice*. If petitioner unsuccessfully raises <u>Lawrence</u> in a state habeas proceeding and exhausts the state review process, he may raise the issue again in federal court subject to the procedural requirements of Section 2254 regarding timeliness and successive petitions.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the petition for habeas corpus relief be **DISMISSED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of respondent.

SO REPORTED AND RECOMMENDED this 31st day of January, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

13