IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 MAR -1  AM 8: 14

CLERK _____
SO. DIST. OF GA.

LYNN GEORGE MAUK,                    )
                                     )
            Petitioner,              )
                                     )
      v.                             )        CV 102-042
                                     )
JAMES LANIER, Warden,                )
                                     )
            Respondent.              )

—————

**O R D E R**

—————

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court, with the following comments regarding petitioner's objections to the Report and Recommendation.

Petitioner, a state inmate serving a sentence for a sodomy conviction, argued in his petition for writ of habeas corpus, filed under Title 28, United States Code, Section 2254, that his conviction should be overturned in light of the Georgia Supreme Court decision in Powell v. Georgia, 510 S.E.2d 18 (Ga. 1998). The court in Powell, which was decided after petitioner's trial but before he exhausted his direct appeal rights, concluded that Georgia's sodomy statute, "in so far as it criminalizes the performance of private, unforced, non-commercial acts of sexual intimacy between persons able to consent," violates the right to privacy guaranteed under the Georgia Constitution. Id. at 26. Petitioner argues that Powell

added as a new "element" to the sodomy statute that an act proscribed under the statute be committed in public. Because the new "element" was not submitted to the jury and found beyond a reasonable doubt at petitioner's trial, he contends that his conviction is unconstitutional under the principles of procedural due process[1] and the right to counsel guaranteed in the Sixth Amendment.

The Magistrate Judge observed correctly that no Georgia court has ruled that Powell was available for retroactive application on collateral review. In his objections, despite his bold assertion that "[t]here is no question that under Georgia law [Powell] would apply retroactively even to convictions which had become final," Doc. 23 at 6, petitioner cites no Georgia court that has found Powell retroactive. The Court finds no evidence that Georgia state courts have even considered the issue.

Petitioner essentially urges this Court not only to rule on the retroactivity of a state court opinion analyzing a state statute on exclusively state constitutional grounds when no state court has had occasion to conduct such an analysis, but also to draft a new "element"

---

[1] Contrary to petitioner's assertions in his objections, his claim in this Court is one of procedural, not substantive, due process. Whether the rule in Powell is itself a procedural or substantive rule is for Georgia courts to decide. Petitioner, however, cannot raise a successful challenge to his conviction in a Section 2254 petition under Powell because Powell is a state court decision addressing state law issues. See Powell, 510 S.E.2d at 22 (noting that Georgia's right to privacy protection is more extensive than that protected by federal constitution). Powell, standing alone, protects no substantive right enumerated in the federal constitution, and thus creates no basis for relief in a Section 2254 petition. Petitioner does not appear to argue otherwise.

The rule in Powell, however, can implicate *procedural* due process concerns rooted in federal constitutional principles. If Georgia courts have ruled that Powell is retroactively applicable, that it places "certain kinds of primary, private individual conduct beyond the power of the criminal lawmaking authority to proscribe," Teague v. Lane, 489 U.S. 288 (1989), then petitioner's claim in this Court would lie in procedural, not substantive, due process.

into a state sodomy statute that has not yet been recognized by a state court or legislature. Principles of comity and state exhaustion advise otherwise. Georgia courts have not held that Powell resulted in a modification to the sodomy statute that implicates a defendant's due process and Sixth Amendment rights.[2]

Inasmuch as the Powell retroactivity issue is an unsettled issue of state law, and as no Georgia court or legislature has held that Powell created a new "element" in Georgia's sodomy statute that implicates due process and Sixth Amendment concerns, state courts should have an opportunity to address petitioner's arguments before a federal court considers them. See Granberry v. Greer, 481 U.S. 129, 134-35 (1987) (observing that where habeas claim presents "an issue on which an unresolved question of fact or of state law might have an important bearing, both comity and judicial efficiency may make it appropriate for the court to insist on complete exhaustion to make sure that it may ultimately review the issue on a fully informed basis"). Petitioner here did not raise the retroactivity issue or the new element issue in a state post-conviction proceeding. The Court will not consider the issues for the first time here.

As the Magistrate Judge observed, petitioner may not obtain relief because he has not

---

[2] Georgia appellate courts instead have distinguished Powell factually on direct review, as was done in petitioner's case. Mauk v. Georgia, 529 S.E.2d 197, 198 (Ga. App. 2000); see Gagnon v. Georgia, 525 S.E.2d 127, 129 (Ga. App. 2000) (holding Powell inapplicable because crime occurred in public place and in exchange for money). The court in Georgia v. Eastwood, 535 S.E.2d 246 (Ga. App. 2000), vacated a defendant's conviction under Powell, but it did not rely on due process or Sixth Amendment grounds. Id. at 248. The Court is aware of no Georgia court that has considered the issue presented by petitioner in this case.

shown that the state court's decision on direct review[3] in his case was contrary to, or an unreasonable application of, clearly established federal law. See Williams v. Taylor, 529 U.S. 362, 404 (2000) (observing that Section 2254 petitions can be granted only where state court decision is contrary to or unreasonable application of Supreme Court precedent). To the extent that the state court considered the relevance of Powell to petitioner's case, it was not addressing an issue of federal law. To the extent that petitioner here argues that Powell created an element to the sodomy statute that implicates due process and Sixth Amendment concerns, that issue has not been properly raised and exhausted in state court.

In his objections, petitioner also claims that the Magistrate Judge failed to address his "appellate due process" claims in the Report and Recommendation.[4] Petitioner's "appellate due process" claim emanates from the Georgia Court of Appeals observing on appeal that Powell would not apply to his case because his conduct occurred in a public place. According to petitioner, the court issued its affirmance on a finding not alleged in an indictment or found by a jury in his trial.

No such "appellate due process" claim is specifically enumerated in the underlying Section 2254 petition, and is only raised implicitly in petitioner's various arguments. The Magistrate Judge appropriately addressed the claim implicitly in his findings:

---

[3]Petitioner did not file a state petition for writ of habeas corpus.

[4]Petitioner also makes the curious claim in his objections that he did not raise the substantive due process issue considered in Lawrence v. Texas, 539 U.S. 558 (2003), which the Magistrate Judge addressed in his Report and Recommendation. Petitioner submitted a brief on November 12, 2004, arguing the applicability of that very decision. Doc. 19. This case also was administratively closed for eighteen months in anticipation of Lawrence, which was then pending before the Supreme Court.

4

The Court of Appeals examined the facts submitted to the jury in petitioner's case and determined that the location of petitioner's behavior, a parking lot, distinguished it from the behavior in Powell, which occurred inside a home. Mauk v. State, 529 S.E.2d 197, 199 (2000). Inasmuch as no legislature or court had deemed it an element of Section 16-6-2 that the relevant behavior occur in a public place, the court's consideration of the facts of petitioner's case amounted to a permissible comparison to those of Powell to determine whether Powell was applicable, not a deprivation of petitioner's right to a jury trial or of procedural due process. Petitioner had no procedural right to have the public place issue presented to a jury either at the time of his trial or at the time of the Court of Appeals's decision.

Doc. 21 at 7. The Georgia Court of Appeals based part of its findings on an analysis of Powell and its relevance to the facts of petitioner's case because petitioner himself raised Powell on appeal. Petitioner cannot now complain about the court's efforts to address the issue. As the Magistrate Judge observed, the court compared the facts of Powell to the facts of petitioner's case in order to distinguish the two cases factually, not in acknowledgment of any new "element" to the sodomy statute.

Furthermore, petitioner's "appellate due process" claim is predicated on the presumption that Powell is retroactively applicable. Because no state court has made such a finding of retroactivity, and because the Court does not find it appropriate to consider the issue for the first time here, petitioner may not obtain Section 2254 relief on this ground.

In accordance with the foregoing considerations, the Court adopts the recommendation of the Magistrate Judge as its opinion. Therefore, the petition is **DISMISSED** and this civil action is **CLOSED**.

SO ORDERED this 1st day of ~~February~~ March, 2006, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE